# IN THE SUPREME COURT OF TEXAS

════════════

No. 10-0750

════════════

ROBERT SUTHERLAND, JESUS DE LA GARZA
AND SOUTHERN CUSTOMS PAINT AND BODY, PETITIONERS,

V.

ROBERT KEITH SPENCER, RESPONDENT

════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

════════════════════════════════════════════════════

JUSTICE GREEN delivered the opinion of the Court, in which JUSTICE HECHT, JUSTICE WAINWRIGHT, JUSTICE MEDINA, JUSTICE JOHNSON, JUSTICE GUZMAN and JUSTICE LEHRMANN joined.

CHIEF JUSTICE JEFFERSON filed a dissenting opinion, in which JUSTICE WILLETT joined.

In this case, we consider whether the excuse offered by defendants for failing to answer a lawsuit timely is sufficient to satisfy the first element of the *Craddock* test for setting aside a no-answer default judgment; *i.e.*, that the failure to appear was not intentional or the result of conscious indifference but was the result of a mistake or an accident.[1]  *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).  Because the affidavits attached to the defendants' motion

---

[1] The style of this case initially reflected the parties as they were originally named in the trial court, including "Jesse Garza."  Because De La Garza's briefing in this Court refers to him as "Jesus De La Garza," which is consistent with his affidavit filed in the trial court, we have corrected the case style to reflect what we believe is his legal name.  There is no dispute that these names, as well as "Jesse De La Garza" and "Jesse de la Garza," refer to the same person.

established the first *Craddock* element, the defendants' motion for new trial could not be denied on the ground that the excuse was insufficient. Accordingly, we reverse the court of appeals' judgment and remand the case to that court.

**I**

Robert Spencer contracted with Southern Customs Paint and Body to paint and perform a frame-off restoration on his 1965 Chevrolet Corvette for $7,500. Spencer alleged that when he went to pick up his car five months later, he found that the work was incomplete and that irreplaceable parts and pieces of the vehicle were missing. In accordance with the notice provision of the Deceptive Trade Practices Act (DTPA), Spencer sent Southern Customs and its co-operators, Jesus "Jesse" De La Garza and Robert Sutherland, (collectively, Southern Customs) a demand letter alerting them to the possibility of a suit. *See* TEX. BUS. & COM. CODE § 17.505 (requiring a consumer to give written notice to the defendant at least sixty days before filing suit). Upon receipt, Southern Customs responded to that letter.

A year later, Spencer brought a DTPA suit against Southern Customs for violating the terms of the automobile repair service contract. Spencer complained of an incomplete and inadequate paint job on his Corvette, lost car parts, and false representations regarding the time and cost for completing the work. Through a process server, Spencer served all three named defendants with citations. One citation named "Jesse Garza" as the defendant for service, but the return stated that the citation was served on "Jesse De La Garza." Another citation named "Southern Customs Paint and Body" as a defendant, while the return stated the citation was served on "Southern Custom's by delivering to Robert Sutherland." De La Garza pointed out the citation's error in his name to the

2

process server, who then offered to take the citation back to correct the mistake. De La Garza declined that offer and told the process server that regardless of the error, he knew he was the person being sued and to leave the documents with him.

Southern Customs failed to file a timely answer. Spencer obtained a default judgment that awarded him nearly $150,000, which included the trebling of Spencer's economic and mental anguish damages due to alleged intentional conduct under the DTPA, as well as attorney's fees.

Southern Customs filed a timely motion for new trial, arguing that service on De La Garza was improper, and that Southern Customs established the necessary *Craddock* elements to set aside the default judgment. Under *Craddock*, a trial court is required to set aside a default judgment if (1) "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident"; (2) "the motion for a new trial sets up a meritorious defense"; and (3) granting the motion "will occasion no delay or otherwise work an injury to the plaintiff." *Craddock*, 133 S.W.2d at 126. The trial court denied the motion for new trial. The court of appeals affirmed the trial court's judgment, holding that the default judgment was not void for defective service, and that Southern Customs was not entitled to a new trial because it failed to satisfy the first *Craddock* element. ___ S.W.3d ___, ___ (Tex. App.—Corpus Christi–Edinburg 2010). Because Southern Customs asserted facts that, if true, negate intentional or consciously indifferent conduct, we reverse the court of appeals' judgment and remand the case for consideration of the second and third elements of the *Craddock* test.

3

## II

Southern Customs asserts that service of process was invalid because one of the citations misstated the name of Jesse De La Garza and the return on the other citation did not show proper service on Southern Customs Paint and Body. Southern Customs states that "[t]here are no presumptions in favor of valid issuance, service, and return of citation," citing *Fidelity & Guaranty Insurance Co. v. Drewery Construction Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006). That is true when attacking a default judgment by restricted appeal, but our analysis is different when, as here, a default judgment is attacked by a motion for new trial. *See id.* (discussing the difference between a restricted appeal, which is brought directly in the appellate court where the record is limited, and a motion for new trial or bill of review, which is filed in the trial court where the record can be developed). In this circumstance, we focus on "the critical question in any default judgment: 'Why did the defendant not appear?'" *Id.* at 574. If the defendant did not appear because he or she never received the suit papers, then the court should generally set aside the default judgment. *Id.* But if the defendant received the suit papers and has some other reason for not appearing, then the default judgment must be set aside if the defendant proves the three elements of the *Craddock* test. *Id.* (citing *Craddock*, 133 S.W.2d at 126). Here, De La Garza and Sutherland acknowledged in their affidavits that they received the suit papers. Thus, to determine whether the trial court erred by refusing to set aside the default judgment and order a new trial, we must determine whether Southern Customs satisfied the *Craddock* test. *Id.* Because the court of appeals addressed only *Craddock*'s first element, we limit our review to that determination. *See Old Repub. Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam).

4

A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Fidelity*, 186 S.W.3d at 576. Generally, "some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *In re R.R.*, 209 S.W.3d at 115. Here, Southern Customs offered an excuse that was not controverted and, if true, negated intentional or consciously indifferent conduct on its part. Specifically, Southern Customs alleged, among other reasons, that the citation was left in a stack of papers on a desk and forgotten about because of limited time spent at the office due to weather conditions over a nearly three-week period during the Christmas holiday season. *See Craddock*, 133 S.W.2d at 126 (holding that the effect of weather on business "certainly constituted some excuse for the oversight"). Spencer made no attempt to controvert Southern Customs's claims regarding the weather conditions during this time period or the weather's adverse effect on Southern Customs's business. We conclude that this excuse is sufficient to show that the failure to answer was not the result of intentional or consciously indifferent conduct.

Contrary to the dissent's assertion, this decision does not alter our default judgment jurisprudence. We do not hold that forgetfulness alone is sufficient to satisfy the first *Craddock* element; rather, we simply conclude that the excuse presented here is so similar to that which we accepted as sufficient in *Craddock* that the same result is required. Southern Customs provided some excuse for its oversight, which satisfies the first element of *Craddock*. In *Craddock*, weather

5

conditions altered a company's ordinary course of business, which ultimately led to the misplacement of a citation among less urgent mail and the failure to answer the lawsuit before judgment. *Id.* at 125. Similarly, weather conditions were alleged in this case to have altered the ordinary course of business for Southern Customs, ultimately leading Sutherland and De La Garza to misplace the citations in a pile of ordinary papers and to fail to answer the lawsuit before judgment.[2] This *Craddock*-like situation, coupled with time spent out of the office for the holidays and the defendants' forgetfulness, combine to create "some excuse, although not necessarily a good one" and demonstrate that the failure to answer was not intentional or the result of conscious indifference. *See In re R.R.*, 209 S.W.3d at 115. As we stated in *Craddock*, "the absence of an intentional failure to answer rather than a real excuse for not answering was the controlling fact." *Craddock*, 133 S.W.2d at 125. Because of the similarity of the excuse asserted in *Craddock* and the uncontroverted excuse in this case, our holding does not extend *Craddock*; it merely follows it. Moreover, our holding not only conforms to existing law, it also comports with the policy that "an adjudication on the merits is preferred in Texas." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992).

## III

---

[2] Sutherland's and De La Garza's uncontroverted affidavits each state:

> When we received the papers, it was less than a week before the Christmas holidays. The weather conditions during this period made it difficult for me to perform much labor for any customers because weather conditions adversely affect paint work on automobiles. I did return to the shop on Monday and worked part of the day. . . . I also worked briefly on Tuesday, December 23, 2008, again, just returning automobiles and scheduling work. By this time, and due, in part, to the holidays, I was not thinking about the papers that had been delivered to me at my shop.

6

Southern Customs provided a sufficient excuse for failing to answer the suit timely, thus satisfying the first element of the *Craddock* standard. The trial court's denial of Southern Customs's motion for new trial, therefore, cannot be affirmed on the ground that its excuse for not answering was insufficient. The court of appeals erred when it held otherwise. Accordingly, we grant the petition for review and, without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court for consideration of the second and third *Craddock* elements. TEX. R. APP. P. 59.1.

_____
Paul W. Green
Justice

OPINION DELIVERED: June 29, 2012

7